IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

**THOMAS HARVEY**,

Plaintiff,

v.

**WDE GROUP, INC.**, a Tennessee Corporation,
and **JAMISON KUHN**, individually,

Defendants.

Case No. 3:19-cv-00128

JURY DEMANDED

## ORIGINAL COMPLAINT

COMES NOW the Plaintiff, Thomas Harvey ("Harvey" or "Plaintiff"), and sues Defendants, WDE Group, Inc. and Jamison Kuhn, an individual, alleging violations of the Fair Labor Standards Act (hereafter "FLSA") of 1938, 29 U.S.C. § 201 *et seq*.

### INTRODUCTION

1. The FLSA was passed by Congress in 1938. The principal congressional purpose of enacting the FLSA was to protect all covered workers from substandard wages and oppressive working hours and labor conditions that are detrimental to the maintenance of minimum standards of living necessary for health, efficiency, and general well-being of workers. *Barrentine v. Arkansas-Best Freight System, Inc.,* 450 U.S. 728, 739, 101 S.Ct. 1437, 1444 (1981). The liquidated damages provision of the FLSA constitutes a congressional recognition that failure to pay statutory minimum wage on time may be so detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers and to the free flow of commerce, that double

1

payment must be made in event of delay in order to insure restoration of the worker to that minimum standard of well-being. *Brooklyn Savings Bank v. O'Neil,* 324 U.S. 697, 707-08, 65 S.Ct. 895, 902 (1945).

2. Plaintiff brings this action under the FLSA, 29 U.S.C. § 201, *et seq.,* to recover unpaid minimum wages and overtime wages. Plaintiff's claims are for minimum wage, overtime compensation, liquidated damages, interest, and attorneys' fees and costs pursuant to the FLSA, 29 U.S.C. § 207.

3. Based on the information preliminarily available, and subject to discovery in this cause, Defendants did not compensate Plaintiff for any and all straight time and overtime hours during times relevant to this action.

## PARTIES, JURISDICTION AND VENUE

4. Plaintiff is a resident of Indiana and was employed by Defendants as a delivery driver during the relevant statutory period.

5. Plaintiff was an "employee" of the Defendants as defined by Section 203(e)(1) of the FLSA, and worked for Defendants within the territory of the United States within three (3) years preceding the filing of this lawsuit.

6. Defendant WDE Group, Inc. (hereinafter "WDE") is a Tennessee for-profit corporation. WDE is a package and parcel delivery company with its principal office listed with the Indiana Secretary of State located at 1053 Wye Drive, Seymour, Tennessee 37865. WDE can be served through its Registered Agent for Service of Process, Jamison "Jay" Kuhn at 7727 Circle Front Court, Evansville, Indiana 47715.

7. Defendant Jamison Kuhn (hereinafter "Kuhn") was, and continues to be, the President of WDE during the statutory period and exercised operational control over WDE.

Specifically, Kuhn directly supervised Plaintiff, unilaterally set the wages of Plaintiff, and set work quotas, among other things. Therefore, Kuhn is individually liable under the FLSA for the violations complained of herein.

8. WDE is an enterprise engaged in interstate commerce under the FLSA and its regulations. WDE employed employees in interstate commerce, including the provision of interstate transportation, during the time period relevant to this Complaint.

9. As Plaintiff's employer, WDE was required to compensate Plaintiff in accordance with the requirements of the laws of the United States and Indiana, including but not limited to payment at the statutorily mandated minimum wage of $7.25 per hour and a rate of one-and-a-half times Plaintiff's Regular Rate of Pay (referred to hereinafter as the "Overtime Rate") for all hours worked in excess of forty (40) hours per workweek.

10. The Court has subject matter jurisdiction pursuant to the FLSA of 1938, 29 U.S.C. § 216(b) and 28 U.S.C. § 1331, 1337.

11. The Court has personal jurisdiction over individual Defendant Kuhn, who is believed to reside in Evansville, Indiana.

12. Venue also lies in this District, pursuant to 28 U.S.C. § 1391 because the Defendants are subject to personal jurisdiction in this district, do business in this district, and/or a substantial part of the alleged events or omissions giving rise to this action occurred in this district.

13. WDE is a business engaged in commercial enterprise, had annual gross volume of sales exceeding $500,000.00, and is a covered employer under the FLSA.

14. The minimum wage and overtime provisions of the FLSA set forth in Sections 206 and 207, respectively, apply to Defendants.

**FACTUAL BASIS FOR SUIT**

15. Plaintiff brings this action because he was never paid for any of the time he spent working for Defendants.

16. Plaintiff worked as a delivery driver for WDE from April 30, 2019 until May 4, 2019. During his employment tenure with WDE, Plaintiff was required to deliver Federal Express packages and parcels for Defendants across Indiana.

17. Plaintiff was told that he would be paid a "day rate" of $135.00 for his delivery work.

18. However, Plaintiff never received a single paycheck from Defendants during his employment.

19. Defendants were aware that Plaintiff was performing job duties and still did not compensate him in accordance with the FLSA.

20. At all times relevant to this action, Defendants failed to comply with U.S.C. §§ 201-209 because Plaintiff performed services for Defendants for which Defendants failed to properly pay Plaintiff for those days worked.

21. The records concerning the number of hours worked by Plaintiff are in the possession and custody of Defendants.

22. Defendants are unable to bear their burden of demonstrating that Plaintiff falls within any of the FLSA minimum wage or overtime exemptions.

23. At this stage Plaintiff believes that he is owed at least $540.00. This calculation is subject to change based on what is found when Plaintiff has as the opportunity to examine documents during the Discovery Phase. However, when an employer fails to keep complete and accurate time records of its non-exempt employees, such employees may establish the hours they worked, including overtime hours, solely by their testimony and the burden of

proof of overcoming any such testimony shifts to the employer.

## COUNT I
## VIOLATION OF THE FLSA IN CONNECTION WITH MINIMUM WAGE AND OVERTIME COMPENSATION

24. The preceding paragraphs are incorporated by reference as if the same were fully set forth herein.

25. At all relevant times, Defendants have been and continue to be an "employer" engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Plaintiff also has engaged in interstate commerce during all relevant times to this Complaint.

26. Defendants employed Plaintiff within the meaning of the FLSA during times relevant to this cause.

27. Defendants have had a uniform plan, policy and practice of willfully refusing to pay the federal applicable minimum wage and overtime compensation to Plaintiff for all hours worked under forty (40) and in excess of forty (40) hours per week during times relevant to this lawsuit.

28. Defendants have had actual and/or constructive knowledge of willfully refusing to pay the federal applicable minimum wage and overtime compensation to Plaintiff for all hours worked under forty (40) and in excess of forty (40) hours per week, during all times relevant to this action.

29. During times relevant to this action, Defendants did not have a good faith basis for their failure to pay the federal applicable minimum wage and overtime compensation to Plaintiff for all hours worked under forty (40) and in excess of forty (40) hours per week.

30. As a result of Defendants' willful failure to pay Plaintiff the applicable federal minimum wage for all hours worked under forty (40) and overtime compensation for all hours worked over forty (40) per week during the relevant statutory limitations' period, they have violated the FLSA, 29 U.S.C. § 201, *et seq.* and, are liable to Plaintiff for all such unpaid overtime compensation due.

31. Defendants' conduct constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

32. Due to Defendant's willful FLSA violations and, and their lack of good faith, in its failure to pay Plaintiff the federal applicable minimum wage for all hours worked under forty (40) and overtime compensation for all hours worked in excess of forty (40) hours per week during the relevant statutory limitations' period, he is entitled to recover from Defendants compensation for unpaid minimum and overtime wages, an additional equal amount as liquidated damages, as well as interest, reasonable attorneys' fees, costs, and disbursements relating to this action for the three-year statutory period under the FLSA, 29 U.S.C. *§* 201, *et seq*.

## **PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFF prays for the following relief against the Defendants:

A. A declaratory judgment that Defendants have violated the compensation provisions of the FLSA, 29 U.S.C. § 206, as to Plaintiff;

B. A declaratory judgment that Defendants' violations of the FLSA were willful;

C. An award to Plaintiff of damages in the amount of unpaid compensation to be proven at trial, which includes minimum wages and overtime;

D. An award to Plaintiff of interest and liquidated damages in an amount equal to the

compensation shown to be owed to him pursuant to 29 U.S.C. § 201, *et seq.*;

E. An award to Plaintiff of reasonable attorneys' fees, costs and expenses, pursuant to 29 U.S.C. § 201, *et seq.*;

F. An award of compensatory and economic damages in an amount to be proven at trial;

G. An award of consequential and incidental damages in an amount to be proven at trial;

H. An award of pre- and post-judgment interest; and

I. An award of such other and further legal and equitable relief as may be appropriate.

Dated: June 21, 2019.  Respectfully submitted,

*s/ J. Russ Bryant*
J. Russ Bryant (TN BPR #33830)
**JACKSON, SHIELDS, YEISER & HOLT**
Attorneys at Law
262 German Oak Drive
Memphis, Tennessee 38018
Tel: (901) 754-8001
Fax: (901) 759-1745
*rbryant@jsyc.com*

*Attorney for Plaintiff*